DA 06-0062

IN THE SUPREME COURT OF THE STATE OF MONTANA

2007 MT 234

DAVID L. MARTIN,

        Plaintiff and Appellant,

   v.

SAIF CORPORATION,

        Defendant and Respondent.

APPEAL FROM:    District Court of the Fourth Judicial District,
                In and For the County of Missoula, Cause No. DV 03-686
                Honorable Douglas G. Harkin, Presiding Judge

COUNSEL OF RECORD:

       For Appellant:

           Christian T. Nygren, Milodragovich, Dale, Steinbrenner & Binney,
           Missoula, Montana

       For Respondent:

           Randall J. Colbert, Garlington, Lohn & Robinson, Missoula, Montana

Submitted on Briefs:  November 9, 2006

Decided:  September 12, 2007

Filed:

_____
                        Clerk

Justice Brian Morris delivered the Opinion of the Court.

¶1     Appellant David L. Martin (Martin) worked for Sherman Brothers Trucking (Sherman Brothers), a corporation located in Oregon. Martin collected workers' compensation from SAIF Corporation (SAIF) for an injury that occurred at a truck stop in Montana during the course and scope of his employment with Sherman Brothers. Martin filed a third-party tort claim against the owners of the truck stop. Martin settled the tort claim and SAIF sought to subrogate the claim under the laws of Oregon. Martin filed a declaratory judgment action in Montana. The District Court for the Fourth Judicial District, Missoula County, granted summary judgment in SAIF's favor. Martin appeals and we affirm in part and reverse in part.

¶2     Martin presents the following issues on appeal:

¶3     *Did the District Court properly grant summary judgment in SAIF's favor on the grounds that the Board's decision was entitled to full faith and credit?*

¶4     *Did the District Court abuse its discretion by awarding attorney fees to SAIF?*

### FACTS AND PROCEDURAL HISTORY

¶5     Martin resided in Washington and worked as a long-haul truck driver for Sherman Brothers. Martin slipped and fell on a diesel fuel spill at Crossroads Travel Center (Crossroads) located near Missoula, Montana, on May 16, 2001, while acting within the course and scope of his employment with Sherman Brothers. Martin filed a workers' compensation claim two days later with SAIF in Oregon. SAIF is Oregon's not-for-profit,

2

state-chartered workers' compensation insurance company. SAIF paid Martin benefits for injuries, lost wages, and permanent partial disability.

¶6 Martin filed a third-party tort action against Crossroads in Missoula County on October 3, 2001. SAIF sent Martin a copy of a third-party election form and notified Martin that it intended to subrogate any proceeds from Martin's third-party claim against Crossroads. Martin and Crossroads settled for $27,500 on August 20, 2002. SAIF notified Martin in October 2002 that SAIF claimed a lien of $59,940.58 on any settlement between Crossroads and Martin.

¶7 SAIF filed a distribution of proceeds with the Oregon Workers' Compensation Board (Board) in Oregon on July 30, 2003. SAIF requested a proposed recovery of $12,222.22. Martin responded by filing a declaratory judgment action in Montana on August 18, 2003. Martin requested that the District Court determine that Montana law applied to the distribution of proceeds pursuant to the settlement of Martin's third-party tort action. The Board issued a final decision in SAIF's favor in Oregon on October 7, 2003. The Board directed Martin to distribute $12,222.22 of its third-party settlement to SAIF. Martin filed an appeal to the Oregon Court of Appeals on October 20, 2003, but voluntarily dismissed his appeal on April 6, 2004.

¶8 SAIF filed a motion for summary judgment on April 21, 2004, and Martin filed a cross-motion for summary judgment on May 5, 2004. SAIF attached as exhibits to its brief in support of its motion for summary judgment a copy of the Board's decision and the letter of Martin's counsel to the Oregon Court of Appeals withdrawing his appeal. The District

3

Court in Montana granted summary judgment to SAIF in Martin's declaratory action on July 14, 2004. The court also awarded attorney fees and costs to SAIF. Martin appeals.

STANDARD OF REVIEW

¶9 We review *de novo* a district court's grant of summary judgment, using the standard established by M. R. Civ. P. 56. The moving party must establish the absence of a genuine issue of material fact and entitlement to judgment as a matter of law. *Haynes v. Shodair Children's Hosp.*, 2006 MT 128, ¶ 8, 332 Mont. 286, ¶ 8, 137 P.3d 518, ¶ 8. Once a moving party has met its burden, the opposing party must present substantial evidence essential to one or more elements of its case in order to raise a genuine issue of material fact. We review a district court's conclusions of law to determine whether they are correct. *Haynes*, ¶ 8 (internal citation omitted).

¶10 A district court's grant or denial of attorney fees is a discretionary ruling that we review for an abuse of discretion. *Trustees of Indiana University v. Buxbaum*, 2003 MT 97, ¶ 15, 315 Mont. 210, ¶ 15, 69 P.3d 663, ¶ 15.

ISSUE ONE

¶11 *Did the District Court properly grant summary judgment in SAIF's favor on the grounds that the Board's decision was entitled to full faith and credit?*

¶12 Martin argues that the District Court need not extend full faith and credit to the Board's decision. He argues that the Board never afforded him a fully contested case hearing on the matter, and therefore, the Board's order does not constitute a final judgment. Martin also argues that Oregon lacked jurisdiction in the subrogation claim filed by SAIF. SAIF contends that Martin voluntarily dismissed his appeal of the Board's decision to the Oregon

4

Court of Appeals. SAIF argues that the Board's judgment is final and entitled to full faith and credit by the District Court in Montana.

¶13 The United States Constitution provides that "Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State. And the Congress may by general Laws prescribe the Manner in which such Acts, Records, and Proceedings shall be proved, and the Effect thereof." U.S. Const. art. IV, § 1. The U.S. Supreme Court has held, and this Court has recognized, that the full faith and credit obligation owed to final judgments is exacting. *Carr v. Bett*, 1998 MT 266, ¶ 39, 291 Mont. 326, ¶ 39, 970 P.2d 1017, ¶ 39. A final judgment rendered by a state court is entitled to full faith and credit in the courts of its sister states. *Underwriters National Assur. Co. v. North Carolina Life and Accident and Health Insurance Guaranty Ass'n*, 445 U.S. 691, 102 S. Ct. 1357 (1982). Full faith and credit generally "'requires every State to give to a judgment at least the *res judicata* effect which the judgment would be accorded in the State which rendered it.'" *Carr*, ¶ 39 (quoting *Durfee v. Duke*, 375 U.S. 106, 109, 84 S. Ct. 242, 244 (1963)).

¶14 Martin states that OAR 438-011-0045(2) precluded him from holding a contested case hearing before the Board. OAR 438-011-0045(2) provides that "[t]estimonial evidence shall be by deposition, affidavit or written interrogatories." ORS 656.298 also requires, however, that the Board create a sufficient record to sustain judicial review at the Oregon Court of Appeals. The duty to create a sufficient record includes providing for oral argument if requested. OAR 438-011-0031(1) provides that "[a]t any time before expiration of the briefing schedule, a party may request that the Board entertain oral argument."

5

¶15   Martin fails to offer evidence that he requested oral argument on SAIF's petition to the Board to subrogate Martin's settlement with Crossroads. Martin also voluntarily dismissed his appeal to the Oregon Court of Appeals from the Board's decision in SAIF's favor. The Board's decision constitutes a final judgment entitled to full faith and credit.

¶16   Martin argues next that the Board lacked jurisdiction to hear SAIF's subrogation claim, rendering the Board's order invalid. Martin relies on *Oberson v. Federated Mut. Ins. Co.*, 2005 MT 329, 330 Mont. 1, 126 P.3d 459, for the proposition that Montana law controls whether SAIF is entitled to subrogate, and, therefore, the Board lacked the jurisdiction to decide SAIF's subrogation claim.

¶17   *Oberson* addressed the question of extending comity, however, rather than the application of full faith and credit to another state's judgment. Musselman, a Michigan resident and an employee of a Michigan business, suffered injuries while working in Montana. *Oberson*, ¶ 4. Musselman filed a workers' compensation claim in Michigan and a third-party tort action in Montana. *Oberson*, ¶ 4. Federated filed a subrogation claim against Musselman's Montana personal injury award after Musselman prevailed in the Montana district court. Musselman responded by filing a declaratory action in Montana. *Oberson*, ¶ 6. We considered the question of "whether Montana's or Michigan's substantive law governs Federated's subrogation interest in Musselman's third-party tort award" while Federated's subrogation claim was still pending before the Michigan Workers' Compensation court. *Oberson*, ¶ 9.

¶18   We rejected Federated's comity argument in *Oberson* on the grounds that Montana's firm public policy disallowed subrogation before full recovery. We declined to relinquish

6

voluntarily jurisdiction over the issue of subrogation to the Michigan Workers' Compensation Court. *Oberson*, ¶ 17. Conversely, in Martin's case, the Oregon Board already had issued a judgment determining that SAIF is entitled to subrogate. Martin voluntarily dismissed his appeal of the Board's decision to the Oregon Court of Appeals on April 6, 2004, thus rendering final the Board's decision. SAIF moved for summary judgment in the Montana declaratory judgment action two weeks later on April 21, 2004.

¶19     Montana's firm public policy dictates against subrogation claims until after the worker is made whole. No public policy exception exists, however, to the full faith and credit accorded to final judgments. *Carr*, ¶ 45 (citing *Baker by Thomas v. General Motors Corp*., 522 U.S. 222, 118 S. Ct. 657 (1998)). The Full Faith and Credit Clause obligates us to give effect to the final Oregon judgment. The District Court correctly granted summary judgment in SAIF's favor.

ISSUE TWO

¶20     *Did the District Court abuse its discretion by awarding attorney fees to SAIF?*

¶21     Martin argues that the District Court abused its discretion by awarding attorney fees to SAIF as provided in § 27-8-313, MCA. Martin argues that under *Buxbaum* an award of fees must be "necessary and proper." He contends that the court's award of fees was not "necessary and proper" on the grounds that SAIF failed to satisfy the "tangible parameters" test.

¶22     Montana follows the general American Rule that a party in a civil action is not entitled to attorney fees absent a specific contractual or statutory provision. *Buxbaum*, ¶ 19 (citing *Mountain West Farm Bureau v. Hall*, 2001 MT 314, ¶ 13, 308 Mont. 29, ¶ 13, 38 P.3d 825, ¶

7

13). This Court previously stated in *Buxbaum* that § 27-8-313, MCA, provides a statutory basis for awarding attorney fees in declaratory judgment actions. *Buxbaum*, ¶ 42. The award of attorney fees must be "necessary and proper." *Buxbaum*, ¶ 42. *Buxbaum* fails to define what constitutes "necessary and proper."

¶23 This Court has adopted, however, the "tangible parameter" test to determine whether attorney fees are "necessary and proper." *Renville v. Farmers Ins. Exchange*, 2004 MT 366, ¶ 27, 324 Mont. 509, ¶ 27, 105 P.3d 280, ¶ 27. The tangible parameters test provides that fees are "necessary and proper" when "(1) an insurance company possesses what the plaintiffs sought in the declaratory relief action; (2) it is necessary to seek a declaration showing that the plaintiffs are entitled to the relief sought; and (3) the declaratory relief sought was necessary in order to change the status quo." *Renville*, ¶ 27.

¶24 Here, of course, we must conduct the "necessary and proper" analysis with the roles reversed: Martin possessed the settlement proceeds from Crossroads. Martin nevertheless filed the declaratory judgment action to prevent SAIF from obtaining a portion of that settlement. This Court set forth examples in *Buxbaum* demonstrating that attorney fees were "necessary and proper" in instances where a plaintiff had to bring a declaratory action to obtain coverage or when no other alternative was available to remove the cloud from the title to property. *Buxbaum*, ¶ 44.

¶25 In the instant case, the District Court relied heavily on the fact that SAIF "was required to litigate identical issues in different forums, which affects its ultimate recovery and ability to be made whole from this ongoing, identical litigation in two separate forums." The District Court focused on the fact that SAIF ultimately prevailed in the litigation rather

8

than thoroughly articulating why an award of attorney fees to SAIF would be "necessary and proper."

¶26 Unlike the plaintiffs in *Buxbaum* and *Renville*, Martin did not seek to obtain coverage or indemnification. Martin filed the declaratory judgment action to prevent SAIF from collecting a portion of his third-party settlement with Crossroads. Martin sought a determination from the District Court that Montana law would control the subrogation rights. SAIF cannot satisfy even the first prong of the tangible parameters test as it actually sought proceeds from Martin's settlement.

¶27 Moreover, it was not necessary to SAIF to seek a declaration from the Montana court in order to change the status quo. The Board already had issued an order directing Martin to distribute $12,222.22 to SAIF as its proper share of Martin's third-party settlement with Crossroads. Thus, SAIF cannot satisfy at least two elements of the tangible parameters analysis.

¶28 The District Court's reliance on the fact that SAIF prevailed, and therefore, should be entitled to attorney fees does not comport with the "necessary and proper" requirement set forth in *Buxbaum*. We hold that neither party is entitled to attorney fees under the American Rule. *Sampson v. National Farmers Union Property*, 2006 MT 241, ¶ 15, 333 Mont. 541, ¶ 15, 144 P.3d 797, ¶ 15. The District Court abused its discretion by awarding attorney fees to SAIF. We vacate the award.

¶29 Affirmed in part and reversed in part.

/S/ BRIAN MORRIS

We Concur:

/S/ PATRICIA COTTER
/S/ W. WILLIAM LEAPHART
/S/ JOHN WARNER

Justice Jim Rice concurs in part and dissents in part.

¶30    I concur with the Court in affirming Issue 1, but I would also affirm the District

Court's award of attorney fees under Issue 2.

¶31    The Court relies on *Renville v. Farmers Insurance Exchange*, 2004 MT 366, 324

Mont. 509, 105 P.3d 280 (*Renville III*) in determining to reverse the award of attorney fees.

We said in *Renville III*:

> [T]he award of attorney fees is a discretionary function of the District Court
> and we will not overturn such an award absent an abuse of discretion. An
> abuse of discretion occurs when the district court judge acts arbitrarily without
> employment of conscientious judgment or exceeds the bounds of reasoning
> resulting in substantial injustice.  [Citation omitted.]

*Renville III*, ¶ 24.

¶32    The District Court entered four orders addressing the attorney fee issue, including a

fourteen-page order discussing and denying Martin's motion for reconsideration of the

court's award of attorney fees to SAIF, wherein the court delineated its reasoning and applied

the three prongs of the "tangible parameter" test requiring that an award be "necessary and

10

proper." I am hard pressed to conclude that the court acted "arbitrarily without employment of conscientious judgment" on this issue.

¶33    Under the three-part test, as enunciated in *Renville III*, ¶ 27, the Court concludes that "SAIF cannot satisfy even the first prong," *see* ¶ 26, which requires that "an insurance company possesses what the plaintiffs sought in the declaratory relief action." *Renville III*, ¶ 27. It is not clear to me from the Court's opinion why SAIF cannot satisfy this prong, unless we intend to strictly construe the test as applying to cases where an insurance company "possesses" something. In my view, Martin possessed something that SAIF sought and was legally entitled to by virtue of the Oregon litigation, which should satisfy the first prong. The District Court's reasoning was perhaps truer to the wording of the first prong: "If this Court were to characterize what SAIF Corporation possessed and what Martin sought in the Montana declaratory judgment action, it would be that SAIF Corporation possessed a binding Oregon decision and Martin failed to appeal the decision that Oregon law applied to the settlement proceeds." Under either of these "possession" theories, I would hold that SAIF satisfied the prong.

¶34    Regarding the second prong, whether it was "necessary to seek a declaration," *Renville III*, ¶ 27, although Martin initiated the litigation, SAIF was forced to participate in the litigation to avoid defaulting to Martin, and thus, its participation was "necessary" in order to protect its interest.

¶35    Regarding the third prong, whether "the declaratory relief sought was necessary in order to change the status quo," *Renville III*, ¶ 27, the District Court noted that it was Martin who sought to change the status quo, which required SAIF to litigate identical issues in

11

different forums. The Court finds this to be insufficient under the third prong, concluding that because SAIF had already obtained an order directing Martin to pay in Oregon, "it was not necessary [for] SAIF to seek a declaration from the Montana court in order to change the status quo." *See* ¶ 27. I would admit that, in a very technical sense of the term "status quo," this observation is true. However, Martin would not honor the legal "status quo" (the Oregon order), abandoned his litigation within the Oregon courts and challenged the Oregon order in Montana. As a practical matter, Martin's refusal to honor the Oregon order and pay SAIF created a new "status quo" which required SAIF to participate in the Montana litigation to obtain relief.

¶36 The Court's application of the three-prong test seems rigid and technical. I would conclude that the District Court did not abuse its discretion and affirm the attorney fee award.

/S/ JIM RICE