DA 08-0393

FILED

May 19 2009

IN THE SUPREME COURT OF THE STATE OF MONTANA

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

2009 MT 177N

HELENA BUILDING INDUSTRY ASSOCIATION
OF HELENA, MONTANA, INC.; BEASON ENTERPRISES,
INC.; BREKKE EXCAVATING, LLP; JERRY CHRISTISON;
CONNOR BUILDING AND DESIGN LLC; DEREK BROWN
CONSTRUCTION, INC.; JULIE DOLAN; GOLDEN EAGLE
CONSTRUCTION, INC.; HAMLIN CONSTRUCTION AND
DEVELOPMENT CO., INC.; GARY HARTZE; JAY HESLEP;
MIKE HUGHES; JACKSON CREEK JOINERY, LTD; JURENKA
CUSTOM HOMES, INC.; M & A CUSTOM HOMES, LLC;
DENNIS McCRANIE; MARK PARRIMAN CONSTRUCTION
COMPANY, INC.; PIERCE & ASSOCIATES-BUILDERS, LLC;
MARK LINDSAY CONSTRUCTION CO., INC.; MITCHELL
DLUDE CONSTRUCTION, INC.; MIKE MELVIN; PIONEER
CONSTRUCTION; DOUG SCHILL; SUSSEX CONSTRUCTION,
INC.; and SYSUM CONSTRUCTION, INC.,

        Plaintiffs and Appellees,

    v.

LEWIS AND CLARK COUNTY,

        Defendant and Appellant.

| | |
|---|---|
| APPEAL FROM: | District Court of the First Judicial District, In and For the County of Lewis and Clark, Cause No. BDV 05-418 Honorable Jeffrey M. Sherlock, Presiding Judge |

COUNSEL OF RECORD:

    For Appellant:

        Leo Gallagher, Lewis and Clark County Attorney; K. Paul Stahl, Assistant
        Lewis and Clark County Attorney; Helena, Montana

    For Appellees:

        Cherche Prezeau, Lisa Kelley; Hughes, Kellner, Sullivan & Alke, PLLP;
        Helena, Montana

            Submitted on Briefs: April 29, 2009

                Decided: May 19, 2009

Filed:

_____
Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Appellant Lewis and Clark County (the "County") appeals from the District Court's order awarding attorney fees in favor of the Helena Building Industry Association ("HBIA").

¶3 In 2004, the County proposed new subdivision regulations that included various fire protection standards such as the installation of sprinklers in certain residential structures. Thereafter, HBIA sent a letter to the County Commission stating that the fire protection standards could not be adopted through subdivision regulations. HBIA asked the County to revise the regulations or postpone implementing them until it received an opinion from the Attorney General's office. The County formally adopted the proposed subdivision regulations, which took effect in February 2005.

¶4 Following the County's adoption of the regulations, HBIA asked the County Attorney to provide HBIA with written materials such as documentation regarding the County's position on the legality of the new regulations. The County responded, but HBIA was evidently not satisfied with the response. HBIA then asked the County to reconsider its adoption of the regulations. To support its position, HBIA attached a letter

2

from the Department of Labor and Industry which stated that the County did not have the authority to impose selective building codes such as the new fire protection standards through subdivision regulations.

¶5      HBIA subsequently filed an action under the Montana Uniform Declaratory Judgments Act ("UDJA") to invalidate various portions of the new subdivision regulations. The District Court awarded partial summary judgment in favor of HBIA. The District Court concluded that the County lacked authority to require the new fire protection measures. Further, because the fire sprinkler requirements were evidently so intertwined with the other regulations, the District Court invalided the entire fire protection scheme set forth in the newly adopted subdivision regulations.

¶6      HBIA then sought attorney fees under §§ 25-10-711 and 27-8-313, MCA, respectively. Section 25-10-711, MCA, is specific to governmental entities and allows a prevailing party to recover costs and reasonable attorney fees in any civil action brought against the state or its political subdivisions if a court finds that the claim or defense was "frivolous or pursued in bad faith." Section 27-8-313, MCA, applies to declaratory judgment actions and authorizes a court to award further relief whenever "necessary or proper." "Further relief" under the UDJA has been construed to include attorney fees. *Trs. of Ind. Univ. v. Buxbaum*, 2003 MT 97, ¶ 46, 315 Mont. 210, 69 P.3d 663.

¶7      On April 23, 2008, the District Court awarded attorney fees to HBIA under § 27-8-313, MCA, of the UDJA, but not under § 25-10-711, MCA. The District Court noted that it was concerned about "creating a precedent by awarding attorney fees against a county or other government agency every time a special interest group might get

3

involved in a declaratory judgment action against a local government," but concluded that unique circumstances warranted the award of attorney fees in favor of HBIA. The District Court emphasized that HBIA had warned the County about the legality of the new subdivision regulations. The District Court did not award attorney fees under § 25-10-711, MCA, because it concluded that the County's defense was neither frivolous nor pursued in bad faith.

¶8 The County raises two primary arguments on appeal. First, the County argues that § 27-8-313, MCA, cannot be read independently of § 25-10-711, MCA. Specifically, the County argues that § 25-10-711, MCA, is the controlling statute for an award of attorney fees against a governmental entity and that, consequently, a court cannot award attorney fees under the UDJA without first finding that the governmental entity's claim or defense was frivolous or perused in bad faith. Second, the County argues that even if the statutes could be construed independently, attorney fees were not justified under § 27-8-313, MCA.

¶9 After reviewing the briefs and the record, it is evident that the County failed to raise in the District Court the theory that §§ 25-10-711 and 27-8-313, MCA, must be construed together and that § 25-10-711, MCA, is the controlling statute for awarding attorney fees against a governmental entity. Instead, the County argued that attorney fees were improper under either § 25-10-711 *or* § 27-8-313, MCA. It is well-settled that this Court will not address new legal theories on appeal given that it is fundamentally unfair to fault the trial court for a ruling when it never had the opportunity to consider a particular issue. *See Day v. Payne*, 280 Mont. 273, 276, 929 P.2d 864, 866 (1996)

4

(citation omitted). Therefore, we conclude that that the County waived its right to raise this issue on appeal and thus, we do not address the County's substantive arguments with respect to this issue further.

¶10 As noted above, the District Court awarded attorney fees in favor of HBIA under § 27-8-313, MCA, the supplemental relief provision of the UDJA. In awarding the attorney fees to HBIA, the District Court cited *Trs. of Ind. Univ. v. Buxbaum*, which provides that attorney fees may be awarded at the discretion of the court under § 27-8-313, MCA, if the award is deemed "necessary and proper." *See Buxbaum*, ¶ 46. The District Court concluded that attorney fees were "necessary and proper" under the facts of this case since HBIA provided the County with "well-researched warnings of the County's inability to adopt [the] regulations, both before and after the County adopted them," requested an Attorney General's opinion to resolve the issue, and provided the County with an opinion from the state agency in charge of building codes which stated that the legality of the regulations was questionable.

¶11 A district court's grant or denial of attorney fees is a discretionary ruling that we review for an abuse of discretion. *Martin v. SAIF Corp.*, 2007 MT 234, ¶ 10, 339 Mont. 167, 167 P.3d 916 (citing *Buxbaum*, ¶ 15). A district court abuses its discretion when it acts arbitrarily, without employment of conscientious judgment, or in excess of the bounds of reason resulting in substantial injustice. *In re G.M.*, 2009 MT 59, ¶ 11, 349 Mont. 320, 203 P.3d 818. In this regard, the question is not whether we agree with the district court, but whether the court acted arbitrarily. *In re G.M.*, ¶ 11.

5

¶12 The District Court found that there was significant evidence in the record which indicated that the County was forewarned that it could not lawfully adopt the regulations in question. Consequently, in order to afford complete relief to HBIA, the District Court concluded that attorney fees were "necessary and proper" under § 27-8-313, MCA. Given the facts of this case, and since we have not defined the exclusive circumstances justifying an award of attorney fees under § 27-8-313, MCA, we conclude that the District Court did not abuse its discretion when it awarded attorney fees to HBIA. *See Buxbaum*, ¶ 46.

¶13 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2003, which provides for memorandum opinions. It is manifest on the briefs and the record before us that the District Court did not err in the determination of this matter.

¶14 Affirmed.

/S/ W. WILLIAM LEAPHART

We concur:

/S/ JAMES C. NELSON
/S/ PATRICIA COTTER
/S/ JIM RICE