FILED

10/06/2020

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 20-0112

DA 20-0112

IN THE SUPREME COURT OF THE STATE OF MONTANA

2020 MT 251N

SHARON UHLIG,

      Plaintiff and Appellant,

  v.

ALLIED PROPERTY AND CASUALTY INSURANCE COMPANY,

      Defendant and Appellee.

APPEAL FROM:    District Court of the Fourth Judicial District,
                     In and For the County of Missoula, Cause No. DV-17-1292
                     Honorable Leslie Halligan, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

      Paul Sharkey, Sharkey Law Firm, Missoula, Montana

      For Appellee:

      Paul R. Haffeman, Stephanie A. Hollar, Davis, Haley, Haffeman & Tighe,
      P.C., Great Falls, Montana

Submitted on Briefs:  August 26, 2020

Decided:  October 6, 2020

Filed:

                          _____
                                 Clerk

Justice Ingrid Gustafson delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Plaintiff and Appellant Sharon Uhlig (Uhlig) appeals the November 5, 2019 Order on Motions for Award of Attorney's Fees and Interest on Judgment and the December 26, 2019 Order on Plaintiff's Motion to Strike, Her Costs, and Other Monetary Awards issued by the Fourth Judicial District Court, Missoula County. We affirm.

¶3 On February 1, 2017, Uhlig was driving in Missoula when she was involved in a motor vehicle accident with Dennis Hildebrand (Hildebrand). Uhlig was transported by ambulance to St. Patrick Hospital, where she was treated in the emergency room and ultimately released from the hospital later that day. No further medical treatment was required. As a result of the accident and medical treatment, Uhlig received an ambulance bill of $1,360 and an emergency room bill of $3,470, for a total of $4,830 in medical bills. Uhlig was insured by Farmers, who paid her $4,830 for those medical bills. Hildebrand was insured by Allied Property and Casualty Insurance Company (Allied). Hildebrand's liability for the accident was reasonably clear and has never been contested by Allied. In June 2017, Allied claims adjuster Marlee Miller (Miller) spoke to Uhlig by phone and made a settlement offer. Miller mailed the settlement offer and release to Uhlig, who did not

sign it but instead retained counsel. Uhlig thereafter made a demand that Allied advance-pay her medical bills, which Allied refused.

¶4 On December 8, 2017, Uhlig sent Allied a letter offering to settle her claims and arguing that Allied's conduct in refusing to advance-pay her medical expenses constituted violations of Montana's Unfair Trade Practices Act (UTPA) and this Court's decision in *Ridley v. Guaranty Nat'l Ins. Co.*, 286 Mont. 325, 951 P.2d 987 (1997). After Allied again refused to advance-pay Uhlig's medical bills, arguing they were not required to pay as Farmers had already paid them, she filed her Complaint for Declaratory Relief on December 21, 2017, pursuant to the Uniform Declaratory Judgments Act (UDJA). On January 19, 2018, Allied offered to pay Uhlig's $4,380 in medical expenses if she would dismiss the pending lawsuit. Allied's offer was not contingent on a global settlement of any of Uhlig's claims against Hildebrand arising from the accident, merely settlement of the declaratory judgment claim against Allied. Uhlig did not dismiss the declaratory judgment lawsuit and Allied did not pay the $4,380 at that time. Uhlig thereafter amended her Complaint twice, before the parties each made cross-motions for summary judgment. The District Court ultimately issued its Order on Cross-Motions for Summary Judgment on December 31, 2018—denying Allied's motion for summary judgment and granting Uhlig's to the extent that Allied was required to advance-pay Uhlig's $4,380 in medical expenses, but declining to rule on issues related to interest, attorney's fees, and costs.

¶5 After the District Court issued its Order on Cross-Motions for Summary Judgment, Uhlig filed a Motion and Brief for Award of Attorney's Fees and a Motion and Brief for Award of Statutory Interest. Later, Uhlig also filed the Plaintiff's Motion to Strike

3

Affidavit and Motion for Award of Expenses and Brief in Support, seeking to strike the August 7, 2018 affidavit of Miller, Allied's adjuster, which was presented by Allied with its August 10, 2018 brief in opposition to Uhlig's summary judgment motion. After briefing, the District Court issued its Order on Motions for Award of Attorney's Fees and Interest on Judgment on November 5, 2019, granting in part and denying in part Uhlig's motion for attorney fees and granting the motion for an award of statutory interest. Relevant here, the District Court's Order granted Uhlig's attorney fees for the work performed by her counsel prior to January 19, 2018, when Allied offered to pay her medical expenses in exchange for dismissal of the declaratory judgment lawsuit against Allied, but denying her attorney fees for any work performed after that date. Uhlig's counsel had performed 12 hours of work prior to January 19, 2018, so the District Court awarded Uhlig $2,400 in attorney's fees based on Uhlig's counsel's rate of $200 per hour. On December 26, 2019, the District Court issued its Order on Plaintiff's Motion to Strike, Her Costs, and Other Monetary Awards, which denied Uhlig's motion to strike Miller's affidavit and reaffirmed its award of $2,400 in attorney's fees to Uhlig.

¶6    Uhlig appeals, raising two issues, which we restate as follows: (1) whether the District Court erred by limiting its award of attorney fees to work performed by Uhlig's counsel prior to January 19, 2018, and (2) whether the District Court erred in denying Uhlig's motion to strike Miller's affidavit. Uhlig correctly notes her second appealed issue only need be addressed if the case is remanded for further proceedings in the district court. As we affirm the District Court and do not remand for further proceedings, we address only Uhlig's first appealed issue.

4

¶7 After Allied refused to advance-pay her medical expenses incurred in the accident with Hildebrand, Uhlig filed a declaratory judgment action in the District Court, seeking a declaration that Allied was required to advance-pay those medical expenses pursuant to *Ridley* and the UTPA. "Pursuant to *Ridley*, insurers are obligated to pay an injured third party's medical expenses prior to final settlement when liability for such expenses is reasonably clear." *Shilhanek v. D-2 Trucking*, 2003 MT 122, ¶ 16, 315 Mont. 519, 70 P.3d 721. Under the UTPA, insurers are prohibited from engaging in unfair trade practices. Section 33-18-201, MCA, provides, in relevant part:

> A person may not, with such frequency as to indicate a general business practice, do any of the following:
>
> . . .
>
> (6) neglect to attempt in good faith to effectuate prompt, fair, and equitable settlements of claims in which liability has become reasonably clear;
>
> . . .
>
> (13) fail to promptly settle claims, if liability has become reasonably clear, under one portion of the insurance policy coverage in order to influence settlements under other portions of the insurance policy coverage[.]

¶8 In the present case, Hildebrand's liability for the accident was reasonably clear and has never been in dispute. As an injured third party, Uhlig was entitled to have her medical expenses advance-paid by Allied pursuant to *Ridley* and the UTPA. The District Court correctly reached this determination in its Order on Cross-Motions for Summary Judgment. After the court granted her motion for summary judgment, Uhlig sought to recover her attorney's fees.

¶9 Montana generally follows the American Rule that a party in a civil action is not entitled to attorney fees absent a specific contractual or statutory provision; however, we have long recognized equitable exceptions to the American Rule. *Trs. of Ind. Univ. v. Buxbaum*, 2003 MT 97, ¶ 19, 315 Mont. 210, 69 P.3d 663 (citations omitted). One such exception is found in the UDJA, in that § 27-8-313, MCA, provides a district court "discretionary authority for an award of attorney fees" in a declaratory judgment action. *Buxbaum*, ¶ 46. We review a district court's award of attorney fees pursuant to § 27-8-313, MCA, for an abuse of discretion. *Renville v. Farmers Ins. Exch.*, 2004 MT 366, ¶ 20, 324 Mont. 509, 105 P.3d 280. "A district court abuses its discretion when it acts arbitrarily, without employment of conscientious judgment, or in excess of the bounds of reason resulting in substantial injustice." *Kuhr v. City of Billings*, 2007 MT 201, ¶ 14, 338 Mont. 402, 168 P.3d 615 (citation omitted).

¶10 Uhlig argues the District Court abused its discretion by limiting her recovery of attorney's fees to work performed prior to January 19, 2018, when Allied offered to pay her medical expenses in exchange for dismissal of the instant lawsuit. Prior to that date, Uhlig's counsel had performed 12 hours of work on the case. After that date, Uhlig's counsel performed an additional 206 hours of work. As such, the District Court awarded slightly less than six percent of the attorney's fees Uhlig sought.

¶11 In *Renville*, we adopted the "tangible parameters" test to determine whether attorney fees are "necessary and proper" under § 27-8-313, MCA. *Martin v. SAIF Corp.*, 2007 MT 234, ¶ 23, 339 Mont. 167, 167 P.3d 916 (citing *Renville*, ¶ 27). The "tangible parameters" test provides that attorney fees are "necessary and proper" when "(1) an insurance company

6

possesses what the plaintiffs sought in the declaratory relief action; (2) it is necessary to seek a declaration showing that the plaintiffs are entitled to the relief sought; and (3) the declaratory relief sought was necessary in order to change the status quo." *United Nat'l Ins. Co. v. St. Paul Fire & Marine Ins. Co.*, 2009 MT 269, ¶ 37, 352 Mont. 105, 214 P.3d 1260 (citing *Martin*, ¶ 23). In *United Nat'l Ins. Co.*, we further clarified that a district court may only apply the "tangible parameters" test after first determining "if equitable considerations support the award." *United Nat'l Ins. Co.*, ¶ 38.

¶12 The District Court found equitable considerations only supported an award of attorney's fees for work performed prior to January 19, 2018, and we agree. Before January 19, 2018, Allied was intractable in its incorrect assertion it was not required to advance-pay Uhlig's medical expenses. After being served with Uhlig's complaint, however, Allied's adjuster, Miller, determined Allied was required to advance-pay Uhlig's medical expenses. Miller communicated this to Uhlig on January 19, 2018, and offered to pay the $4,380 in medical expenses in exchange for dismissal of the declaratory judgment lawsuit. This matter could have, and should have, ended there. Because Uhlig refused Allied's offer, however, the matter dragged on for nearly another year before Uhlig won summary judgment, and nearly another year after that before the District Court issued its rulings on attorney's fees, interest, costs, and the motion to strike Miller's affidavit. The District Court found Uhlig's medical expenses had been paid by Farmers long before Allied's January 19, 2018 offer to pay those medical expenses and she was under no financial duress at the time of that offer.

7

¶13     The District Court correctly found equitable considerations supported an award of attorney's fees for work performed prior to January 19, 2018, and therefore applied the "tangible parameters" test for that time period.  It also correctly found equitable considerations did not support an award of attorney's fees for the time period after January 19, 2018, and did not apply the "tangible parameters" test to work performed after January 19, 2018. *See United Nat'l Ins. Co.*, ¶ 38.  As the equities do not support an award of attorney's fees for the time period after January 19, 2018, the District Court did not abuse its discretion by limiting its attorney's fee award to work performed prior to that date.

¶14     We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions.  In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

¶15     Affirmed.


                                                    /S/ INGRID GUSTAFSON

We concur:

/S/ MIKE McGRATH
/S/ JAMES JEREMIAH SHEA
/S/ BETH BAKER
/S/ JIM RICE