FILED

12/02/2025

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 25-0306

DA 25-0306

IN THE SUPREME COURT OF THE STATE OF MONTANA

2025 MT 277

MARK EUGENE BENTON,

     Plaintiff and Appellant,

  v.

STEVEN BABCOCK, ATTORNEY,

     Defendant and Appellee.

APPEAL FROM:   District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DV-24-355
Honorable Colette B. Davies, Presiding Judge

COUNSEL OF RECORD:

     For Appellant:

        Mark Eugene Benton, Self-Represented, Shelby, Montana

     For Appellee:

        Alyssa L. Campbell, Milodragovich, Dale & Steinbrenner, P.C.,
Missoula, Montana

        Submitted on Briefs:  October 1, 2025

        Decided:  December 2, 2025

Filed:

_____
               Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1 Mark Eugene Benton (Benton) appeals the order granting summary judgment in favor of Defendant Steven Babcock (Babcock), and dismissing all of Benton's claims, entered by the Thirteenth Judicial District Court, Yellowstone County. We consider:

> *Did the District Court err by granting summary judgment on the ground that Benton's claims had been previously litigated in federal court and were thus barred by the doctrine of collateral estoppel?*

¶2 We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

¶3 Following his arrest by State authorities for a probation violation arising out of a prior incest conviction, and on a new charge of failing to register as a sex offender, Benton was indicted by a federal grand jury for being a prohibited person in possession of a firearm in the U.S. District Court of the District of Montana. In the federal proceeding, Benton was first represented by Babcock, who was employed by the Federal Defenders of Montana. Babcock assisted Benton in negotiating a plea deal, and on November 23, 2021, Benton entered a guilty plea. In his plea colloquy, Benton explained to the U.S. District Court why he was guilty, and the court accepted the plea, finding that Benton had entered it knowingly and voluntarily.

¶4 On March 18, 2022, prior to sentencing, Babcock moved to withdraw from Benton's representation. In granting the motion, the federal court stated that "Benton was dissatisfied with Mr. Babcock's representation and a breakdown of communication resulted." A new federal defender was appointed to represent Benton, and the matter

2

proceeded to sentencing. On May 18, 2022, Benton was sentenced to serve 21 months at the Bureau of Prisons, followed by a 3-year term of supervised release. Benton did not appeal, but, on April 30, 2023, he filed a motion pursuant to 28 U.S.C. § 2255, asking the U.S. District Court to set aside or vacate his sentence.

¶5 Benton's § 2255 motion raised many claims, including ineffective assistance of counsel against both Babcock and Benton's second federal defender. Benton asserted his fourth amendment rights had been violated by the search of his vehicle, phone, and home by State probation and parole officers; that officers used a "manufactured" photo of a handgun as the basis for the search of his home, which led to the discovery of the firearm for which the federal charge was brought; and that Babcock failed to challenge the search. Benton asserted that Babcock colluded with the prosecution, coerced him into taking the plea deal, and failed to investigate or defend his allegedly unlawful arrest and subsequent search. The U.S. District Court concluded there was no information, other than Benton's "conclusory speculation[,]" to support the claim that Babcock colluded with the prosecution, and that the record "directly contradict[ed]" Benton's claim that he was coerced into taking the plea deal. The U.S. District Court examined Benton's fourth amendment claims in detail, concluding that state officials had conducted lawful searches of Benton's vehicle, phone and home based upon probable cause, and lawfully arrested him. Because the court found that the underlying arrest was not unlawful, "Mr. Babcock . . . [was] under no obligation to mount a meritless challenge" of the search. The U.S. District Court concluded that because "Benton wholly fail[ed] to address either the

'performance' or 'prejudice' prong of *Strickland* as they apply to both attorneys[,]" the claims failed, and thus it denied the § 2255 motion.

¶6    While Benton's § 2255 motion was pending, Benton initiated this proceeding, a civil action in Yellowstone County District Court alleging that Babcock had committed professional negligence in his representation of Benton in the federal criminal matter. Echoing his § 2255 motion, Benton alleged that his federal conviction was premised upon an illegal search without probable cause, that Babcock's representation fell below the standard of care because he did not adequately investigate and challenge the search and arrest, and that Babcock "knowingly used fabricated physical evidence in procuring a guilty plea for the prosecution," by intimidating and coercing him to enter the plea.

¶7    The District Court set a deadline of October 9, 2024, for expert witness disclosure. On February 21, 2025, Benton filed an untimely disclosure, naming Babcock and Yellowstone County Public Defender David Garfield as his experts. The District Court held that not only did Benton miss the deadline to disclose expert witnesses, but also that Babcock and Garfield had not been retained as experts by Benton. Noting that Babcock was the defendant in the action, and that Garfield, who had also been sued by Benton in a different action, had not been retained as an expert herein, the District Court concluded in its summary judgment order that Benton's expert disclosure was both "untimely and insufficient." The District Court's primary analysis concerned collateral estoppel, reasoning that Benton was attempting, in this professional negligence action, to relitigate

4

the same issues that he had raised and litigated in his criminal proceeding in federal court, and concluding that his claims were barred.

¶8    While this proceeding was pending before the District Court, Benton filed a motion for a certificate of appealability of the denial of his § 2255 motion with the Ninth Circuit Court of Appeals on July 24, 2024.  *See* 28 U.S.C. § 2253(c)(1).  The Ninth Circuit Court of Appeals issued an order denying certification on February 11, 2025, stating "[n]o further filings will be entertained in this closed case."  *U.S. v. Benton*, Order, Nos. 1:21-cr-00032-BLG-SPW-1, 1:23-cv-00054-SPW (9th Cir. Feb. 11, 2025).  Benton filed a request for rehearing, which was denied on April 18, 2025.

¶9    Benton appeals.

**STANDARD OF REVIEW**

¶10    We review a district court's grant of summary judgment de novo, using the standard established by M. R. Civ. P. 56.  *Martin v. SAIF Corp.*, 2007 MT 234, ¶ 9, 339 Mont. 167, 167 P.3d 916.  The movant has the duty to establish that no genuine issue of material fact exists and an entitlement to judgment as a matter of law.  *Haynes v. Shodair Children's Hosp.*, 2006 MT 128, ¶ 8, 332 Mont. 286, 137 P.3d 518 (citing *Baltrusch v. Baltrusch*, 2006 MT 51, ¶ 11, 331 Mont. 281, 130 P.3d 1267).  "Once a moving party has met its burden, the opposing party must present substantial evidence essential to one or more elements of its case in order to raise a genuine issue of material fact."  *Martin*, ¶ 9.  We review a district court's conclusions of law for correctness.  *Shelton v. State*, 2025 MT 71, ¶ 13, 421 Mont. 327, 567 P.3d 285 (citation omitted).  "[A] district court's application of

5

claim preclusion or issue preclusion, . . . is an issue of law that we review for correctness." *Brilz v. Metro. Gen. Ins. Co.*, 2012 MT 184, ¶ 13, 366 Mont. 78, 285 P.3d 494 (citation omitted).

## DISCUSSION

¶11 *Did the District Court err by granting summary judgment on the ground that Benton's claims had been previously litigated in federal court and were thus barred by the doctrine of collateral estoppel?*

¶12 Benton argues that the District Court erred by holding his claims were barred by collateral estoppel, stating that his claims under § 2255 have "not been fully litigated," and that he will continue to litigate "through the United States Supreme Court if the 9th Circuit Court of Appeals denies relief." Babcock answers that the issues raised in this proceeding by Benton are identical to those litigated in the federal criminal case, a final judgment was entered therein, and the District Court thus correctly ruled that Benton's claims are barred.

¶13 "A final judgment may have a preclusive effect on future litigation by way of either res judicata or collateral estoppel." *Adams v. Two Rivers Apartments, LLLP*, 2019 MT 157, ¶ 7, 396 Mont. 315, 444 P.3d 415 (citation omitted). These doctrines support judicial economy by preserving final judgments and a clear end to litigation. *Kullick v. Skyline Homeowners Ass'n*, 2003 MT 137, ¶ 17, 316 Mont. 146, 69 P.3d 225 (citation omitted). Through these doctrines, "we seek to prevent parties from incessantly waging piecemeal, collateral attacks against judgments[.]" *Baltrusch*, ¶ 15 (citing *Olympic Coast Investment, Inc. v. Wright*, 2005 MT 4, ¶ 26, 325 Mont. 307, 105 P.3d 743). Collateral estoppel, or

6

issue preclusion, prohibits parties from realleging an issue already adjudicated and resolved in a prior litigation. *Adams*, ¶ 9.

¶14 For collateral estoppel to apply to an issue, four elements must be satisfied: "(1) the identical issue raised was previously decided in a prior adjudication; (2) a final judgment on the merits was issued in the prior adjudication; (3) the party against whom the plea is now asserted was a party or in privity with a party to the prior adjudication; and (4) the party against whom preclusion is now asserted was afforded a full and fair opportunity to litigate the issue." *Adams*, ¶ 9. To determine if an issue is identical, under the first element, "[w]e compare the pleadings, evidence, and circumstances surrounding the two actions to determine whether the issues decided in the prior adjudication are identical to those presented in the current matter." *Brishka v. State*, 2021 MT 129, ¶ 12, 404 Mont. 228, 487 P.3d 771 (citation omitted).

¶15 In his civil complaint filed herein, Benton alleged that his arrest in the federal proceeding was illegal due to a lack of probable cause, that the subsequent searches of his vehicle, phone and house were unconstitutional, and that he advised Babcock that the photograph of the firearm on his phone was manufactured but Babcock nonetheless failed to challenge the search and coerced him to plead guilty, specifically, that Babcock told him that if he "didn't sign the plea, he would personally se[e] to it that Benton would do ten years."

¶16 Benton's claims herein repeat the claims he raised in his § 2255 motion, restating even the specific quotes attributed to Babcock. The U.S. District Court analyzed Benton's

arrest and search and seizure claims and concluded that Babcock was "under no obligation to mount a meritless challenge." The U.S. District Court concluded that Benton's claims of coercion were "directly contradict[ed]" by the record, and that Benton provided no information in support of his claims of manufactured evidence. As the Yellowstone County District Court reasoned herein, "[r]egardless of how they are couched, however, [Benton's] claims all stem from Benton's perception that [Probation and Parole's] arrest and subsequent searches of him, leading to the discovery of the firearm, was unlawful. . . . These claims are identical to the claims he raised in his § 2255 motion in the federal court."

¶17 We have held that the doctrine of collateral estoppel applies in civil cases to specific issues that a criminal court has adjudicated in the past. *Aetna Life & Cas. Ins. Co. v. Johnson*, 207 Mont. 409, 414, 673 P.2d 1277, 1280 (1984); *see also Estate of Eide v. Tabbert*, 272 Mont. 180, 184, 900 P.2d 292, 295 (1995). We have explained that "the rigorous safeguards against an unjust criminal conviction, especially the requirement of proof beyond a reasonable doubt as opposed to the preponderance of the evidence, make collateral estoppel between criminal and civil trials less severe than between successive civil trials." *Aetna Life & Cas. Ins. Co.*, 207 Mont. at 414, 673 P.3d at 1280. Further, we have held that this rule protects final judgments, expeditious trials, and shows faith in the criminal judicial system by not relitigating issues in civil court that have already been fully adjudicated in a prior criminal case. *Aetna Life & Cas. Ins. Co.*, 207 Mont. at 414, 673 P.3d at 1280. While the claims of ineffective assistance of counsel and professional

8

negligence involve application of different standards, the facts, pleadings, and orders here all demonstrate that the issue litigated in the federal criminal proceeding and the issue in this proceeding are identical. Adjudicating the issue of legal malpractice would require the District Court to readdress the issues formerly decided on the merits by the federal court.

¶18 Further, a final judgment on the merits was clearly entered on Benton's § 2255 motion in the federal court, upon analysis. Benton argues in his briefing that his "§ 2255 [claim] has not fully been litigated" because it was pending before the Ninth Circuit Court of Appeals, but since the filing of his opening brief, the Ninth Circuit Court of Appeals has denied his request for rehearing of its denial of his motion for a certificate of appealability. Nor does Benton's stated intention to seek review from the U.S. Supreme Court alter the current finality of the federal judgment. Therefore, the second requirement for collateral estoppel is satisfied. Further, Benton was the party who made these claims in the prior federal case, satisfying the third element.

¶19 The last element is whether Benton had a full and fair opportunity to litigate his current claims in the prior case. The burden to prove that a full and fair opportunity to litigate was not provided in the prior matter "is on the party attempting to defeat the application of issue preclusion . . . ." *McDaniel v. State*, 2009 MT 159, ¶ 42, 350 Mont. 422, 208 P.3d 817 (citing *Baltrusch*, ¶ 18). Benton has failed to carry this burden. Benton asserted that his federal sentence violated his fourth amendment rights and that Babcock ineffectually represented his interest. His multiple issues tested Babcock's representation throughout that proceeding, and the U.S. District Court analyzed them in detail. Therefore,

9

Benton has failed to establish that he did not have full and fair opportunity to litigate his claims in the prior case, and the fourth element is satisfied.

¶20   We therefore affirm the District Court's determination that all of Benton's claims raised here against Babcock are barred by collateral estoppel, and we affirm the entry of summary judgment.  We need not address other bases for entry of summary judgment.

¶21   Affirmed.

/S/ JIM RICE


We Concur:

/S/ CORY J. SWANSON
/S/ KATHERINE M. BIDEGARAY
/S/ BETH BAKER
/S/ INGRID GUSTAFSON