No. 05-211

IN THE SUPREME COURT OF THE STATE OF MONTANA

2006 MT 241

DELORES SAMPSON and BEVERLY CYBULSKI,

Plaintiffs and Appellants,

v.

NATIONAL FARMERS UNION PROPERTY
AND CASUALTY COMPANY, NATIONAL
FARMERS UNION STANDARD INSURANCE
COMPANY, and JOHN DOES I and II,

Defendants and Respondents.

APPEAL FROM:    The District Court of the Thirteenth Judicial District,
                In and For the County of Yellowstone, Cause No. DC 03-386,
                Honorable Ingrid Gustafson, Presiding Judge

COUNSEL OF RECORD:

        For Appellants:

                Shane D. Colton, Edminston, Schermerhorn & Colton,
                Billings, Montana

        For Respondents:

                Jon T. Dyre, Steven W. Jennings, Crowley, Haughey, Hanson,
                Toole & Dietrich, PLLP, Billings, Montana

                                        Heard on Oral Argument: February 22, 2006

                                        Decided:   September 26, 2006

Filed:

        _____
                        Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1 Dolores Sampson and Beverly Cybulski (a/k/a Claimants) were injured when their car was struck by a car driven by an insured of the National Farmers Union Property and Casualty Company (NFU). Sampson and Cybulski offered to settle their respective bodily injury claims for the total sum of $125,000.00. NFU rejected the offer. Subsequently, Claimants retained an attorney. After Sampson and Cybulski had incurred approximately $43,500.00 in attorney fee and costs, NFU settled for the previously-demanded sum of $125,000.00. Sampson and Cybulski brought this action in the Thirteenth Judicial District of Yellowstone County, claiming that NFU's delayed settlement constituted a violation of the Montana Unfair Trade Practices Act (UTPA). They sought recovery of their attorney fees. The District Court granted NFU's motion for summary judgment. Claimants appeal. We affirm.

## ISSUE

¶2 The issue on appeal is whether attorney's fees are recoverable as damages in an action brought under Montana's Unfair Trade Practices Act, §§ 33-18-201 and 33-18-242, MCA.

## FACTUAL AND PROCEDURAL BACKGROUND

¶3 As this case involves a question of law only, a short factual summary is sufficient to provide a foundation for our analysis. In December 1996, Sampson and Cybulski were injured when the car in which they were traveling was struck by Milo Langberg, an insured of NFU. In 2001, an attorney, acting *pro bono*, presented Claimants' offer to NFU to settle their claims for $125,000.00. NFU rejected the offer. The *pro bono*

2

attorney suggested that Sampson and Cybulski retain an attorney with personal injury expertise to represent them in their claim against NFU. Sampson and Cybulski did so. Approximately fourteen months later in May 2002, NFU settled the personal injury claim with the women for $125,000.00. By that time, Claimants had incurred approximately $43,500.00 in attorney fees.

¶4     In April 2003, Sampson and Cybulski brought this action under the UTPA to recover their attorney fees. Relying upon § 33-18-242, MCA, Claimants alleged that NFU violated § 33-18-201(6), MCA, by neglecting "to attempt in good faith to effectuate a prompt, fair, and equitable settlement of [Sampson's and Cybulski's] claims on which [NFU's] liability was reasonably clear." Sampson and Cybulski also claimed NFU failed to promptly settle Sampson's claim for property damage for which NFU's insured's liability also was reasonably clear, in order to influence settlement of the women's claim for personal injury damages.

¶5     NFU moved for summary judgment, arguing that attorney fees are not recoverable as "damages" unless expressly provided by contract or statute, and that there was no such express provision in this case. In February 2005, the District Court agreed, holding that "attorney fees are not recoverable as an element of damage under the [UTPA]." The court granted NFU's motion for summary judgment and dismissed Sampson's and Cybulski's complaint.

¶6     Sampson and Cybulski filed a timely appeal.

3

**STANDARD OF REVIEW**

¶7     We review a district court's grant of summary judgment de novo, and apply the same criteria applied by the district court pursuant to Rule 56(c), M. R. Civ. P.  A district court properly grants summary judgment only when no genuine issues of material fact exist, and the moving party is entitled to judgment as a matter of law.  *Oster v. Valley County*, 2006 MT 180, ¶ 9, 333 Mont. 76, ¶ 9, 140 P.3d 1079, ¶ 9 (citations omitted).

**RELEVANT STATUTES**

¶8     Section 33-18-201, MCA, provides that unfair claim settlement practices are prohibited.  In relevant part, it requires that:

> No person may, with such frequency as to indicate a general business practice, do any of the following:
> (6) neglect to attempt in good faith to effectuate prompt, fair, and equitable settlements of claims in which liability has become reasonably clear;
> . . .
> (13) fail to promptly settle claims, if liability has become reasonably clear, under one portion of the insurance policy coverage in order to influence settlements under other portions of the insurance policy coverage; or
> . . .

¶9     Section 33-18-242, MCA, states:

> (1) An insured or a third-party claimant has an independent cause of action against an insurer for actual damages caused by the insurer's violation of subsection (1), (4), (5), (6), (9), or (13) of 33-18-201.
> . . .
> (4) In an action under this section, the court or jury may award such damages as were proximately caused by the violation of subsection (1), (4), (5), (6), (9), or (13) of 33-18-201.  Exemplary damages may also be assessed in accordance with 27-1-221.

4

¶10    *Are attorney's fees recoverable as damages in an action brought under Montana's Unfair Trade Practices Act, §§ 33-18-201 and 33-18-242, MCA?*

¶11    Sampson and Cybulski assert that NFU unreasonably rejected their reasonable settlement demand when NFU's liability was not in dispute. They maintain that such unreasonable action was done in bad faith and was a violation of the UTPA, and that as a result of NFU's action, NFU forced them to obtain counsel to resolve the matter. They argue that § 33-18-242, MCA, statutorily entitles them to damages proximately caused by NFU's bad faith refusal to resolve their claim in a timely, fair and reasonable manner in accordance with § 33-18-201, MCA. They assert that the sole damages they suffered as a result of NFU's bad faith actions were the attorney fees incurred during the fourteen months between their settlement demand of $125,000.00 and NFU's eventual agreement to settle for the same amount.

¶12    Sampson and Cybulski acknowledge that Montana generally follows the American Rule, under which each party to litigation pays his or her own attorney's fees, even if he or she prevails in the lawsuit. They assert, however, that the American Rule does not bar recovery of attorney fees as a damage for breach of § 33-18-201, MCA. They maintain that the Legislature did not limit the type of damages recoverable under §§ 33-18-242(1) and (4), MCA; rather, it drafted an open definition of damages and provided that *all damages* proximately caused by violations of the Act are recoverable. As a result, Claimants argue that § 33-18-242, MCA, statutorily authorizes an award of attorney fees providing this Court determines that such fees constitute "damages."

¶13 NFU counters that the American Rule does apply and prohibits awarding attorney fees in this case. It argues generally that without express statutory or contractual authority or the application of one of the four recognized exceptions to the American Rule, none of which are present in this case, the Rule prohibits awards of attorney fees. Specifically, NFU contends that when the Legislature enacted § 33-18-242, MCA, in 1987, it did not mention or authorize attorney fees and that this Court should not add to the statute that which the Legislature omitted.

¶14 In granting summary judgment, the District Court provided the following analysis: 1) Montana follows the American Rule; therefore, unless there is a contractual provision or a statutory provision for attorney fees or a case falls within one of the four exceptions to the Rule, attorney fees will not be awarded (*Goodover v. Lindey's Inc.*, 255 Mont. 430, 445, 843 P.2d 765, 774 (1993)); 2) there is no contractual or statutory authority allowing attorney fees as an element of damages under the UTPA; 3) one of the exceptions to the American Rule is the "equitable" exception available in situations in which a party is forced into a frivolous lawsuit (*Goodover*, 255 Mont. at 447, 843 P.2d at 775); 4) the Montana Supreme Court has refused to apply the equitable exception to malicious or bad faith claims (*Goodover*, 255 Mont. at 448, 843 P.2d at 777) or to injured third-party beneficiaries of an insurance contract (*Mountain West v. Brewer*, 2003 MT 98, ¶ 40, 315 Mont. 231, ¶ 40, 69 P.3d 652, ¶ 40); 5) the Montana Supreme Court has allowed attorney fees to be awarded to third-party claimants in declaratory judgments under certain circumstances (*Brewer*, ¶ 41); and 6) but the case before us is not a declaratory judgment.

The District Court therefore determined that there was no authority under which it could award Claimants' attorney fees as damages under the UTPA.

¶15 As acknowledged by both parties, it is the general rule in Montana that a party is not entitled to attorney's fees absent a specific contractual provision or statutory grant. *Martin v. Crown Life Ins. Co*., 202 Mont. 461, 469, 658 P.2d 1099, 1104, (1983). In the case before us, it is undisputed that no contractual arrangement existed between Sampson and Cybulski and NFU. NFU insured Langberg, not Claimants. We also need not address the four exceptions to the American Rule, as Claimants do not argue for the application of any of the established exceptions. Therefore, we turn our attention to Claimants' argument that § 33-18-242, MCA, authorizes an award of all damages proximately caused by an insurer that violates the UTPA, and that attorney fees constitute such damages.

¶16 Claimants rely in part upon our decision in *Morris v. Nationwide Ins. Co*., 222 Mont. 399, 722 P.2d 628 (1986), contending it supports their contention that attorney fees qualify as damages in bad faith actions. However, it is important to note that this case and another case upon which they rely—*Tynes v. Bankers Life Co*., 224 Mont. 350, 730 P.2d 1115 (1986)—were decided prior to the Legislature's adoption in 1987 of § 33-18-242, MCA, which extended the right of recovery for unfair trade practices to third parties. As this is the statute under which Claimants seek the recovery of fees, we must be guided primarily by the provisions of that statute and the cases interpreting it. Moreover, to the limited extent that *Morris* and *Tynes* are authoritative, the cases do not aid the Claimants' position.

7

¶17    We decided *Morris* in 1986, the year before the Legislature enacted § 33-18-242, MCA.  Morris sued the Sun River Electric Co-op and its insurer, Nationwide, after a Co-op high voltage line started a fire on Morris' land and destroyed Morris' property.  Morris argued that Nationwide conducted settlement negotiations in a manner that violated § 33-18-201, MCA.  The liability claim and bad faith claim were bifurcated.  The jury entered a verdict for Morris in the liability case, and the bad faith claim then proceeded to trial.  In the bad faith trial, the jury concluded that Nationwide had acted in bad faith and awarded Morris a specific amount in compensatory damages.  Additionally, it determined that Morris should be awarded his attorney fees and costs, in an amount to be determined by the district court.  The district court subsequently entered an order of fees, but Morris disagreed with the amount awarded, and appealed.  Significantly, the issue before us on appeal was *not* whether Morris should have been awarded attorney fees, as Nationwide did not object to plaintiff's request for an award of fees.  Rather, the issue was whether the district court had used an acceptable method for determining such fees.  Addressing only the issue raised, we affirmed the fee method calculation used by the district court.

¶18    Subsequently, in December 1986, we decided *Tynes*.  Tynes sued his insurer for breach of contract and tortious breach of the implied covenant of good faith and tortious violation of Montana's Insurance Code.  A jury awarded Tynes considerable damages including punitive damages and damages for emotional distress.  After the verdict, Tynes moved for $30,000.00 in attorney's fees which was granted by the district court.  On appeal, we affirmed the jury verdict but vacated the district court's award of attorney's fees to Tynes.  In so doing, we expressly rejected the district court's reliance upon the

8

California case of *Brandt v. Superior Court (Standard Ins. Co.)*, 693 P.2d 796 (Jan. 1985), for the proposition that, where an insurer's tortious conduct compels an insured to hire counsel to obtain policy benefits, the insurer should be liable in tort for the expense of retaining counsel. In vacating the fee award, we said: "We have not adopted this policy in Montana and do not choose to do so today." *Tynes,* 224 Mont. at 369, 730 P.2d at 1127.

¶19 Since *Tynes* was decided, we have held that an insured is entitled to recover attorney fees under the "insurance exception" to the American Rule when the insurer forces the insured to commence legal action to obtain the full benefits of the insurance contract between them; however, we have declined to extend this exception to third party actions, where there is no privity of contract—no "previously bargained for benefit"—that the third party was forced into litigation to vindicate. *See Brewer*, ¶ 38. We said in *Brewer* that were we to extend the insurance exception to a third-party claim for attorney fees, we would effectively "drive a stake into the heart of the American Rule." *Brewer*, ¶ 40. Thus, neither *Morris* or *Tynes* as pre-§ 33-18-242, MCA, cases, nor the cases decided since that time insofar as they address the question now before us, are helpful to Claimants' position.

¶20 The 1987 Montana legislative session in which the Legislature drafted and enacted § 33-18-242, MCA, began just after *Tynes* was decided. As we have stated on numerous occasions, it is presumed that the Legislature is acquainted with the law and is aware of how previous laws have been construed by the Court. *Baitis v. Department of Revenue of State*, 2004 MT 17, ¶ 24, 319 Mont. 292, ¶ 24, 83 P.3d 1278, ¶ 24. Therefore, as we

9

presume the Legislature knew of our decisions in *Morris* and *Tynes* when it enacted § 33-18-242, MCA, it is logical to conclude that had the Legislature felt that *Tynes* had been wrongly decided, it would have expressly provided for recovery of attorney fees as an element of damages in the language of § 33-18-242, MCA.

¶21    The Legislature is capable of authoring and enacting statutes which clearly permit tort victims to recover attorney fees.  *See* § 33-25-402(2), MCA (In a civil action based on § 33-25-401, MCA, and this section, the court may award to the prevailing party court costs plus reasonable attorney fees); § 25-9-404, MCA (A judgment must order payment of attorney fees and litigation expenses separately from an order for periodic payments of future damages); § 30-4A-305(5), MCA (Reasonable attorney fees are recoverable if demand for compensation under subsection (1) or (2) is made and refused before an action is brought on the claim); and § 22-1-1111, MCA (Reasonable attorney fees and the costs of bringing the action may be awarded to the prevailing party).  This being so, we will not engage in a presumption that the Legislature intended fees as an element of damages but simply neglected to so specify.

¶22    While we recognize the seeming unfairness of the Claimants' having to pay $43,500.00 for the privilege of recovering the same amount of money they were willing to accept in the first place, we are nonetheless constrained by the terms of the statute and our role in interpreting it.  The Legislature did not construct the UTPA to provide for the recovery of attorney fees and therefore we cannot construe it to do so.  Section 1-2-101, MCA (In the construction of a statute, the office of the judge is simply to ascertain and

10

declare what is in terms or in substance contained therein, not to insert what has been

omitted or to omit what has been inserted).

## CONCLUSION

¶23    For the foregoing reasons, we affirm the District Court.


                                    /S/ PATRICIA COTTER


We concur:

/S/ KARLA M. GRAY
/S/ JAMES C. NELSON
/S/ JOHN WARNER
/S/ W. WILLIAM LEAPHART
/S/ JIM RICE
/S/ BRIAN MORRIS