**Robert E. DAVIS, Jr., Plaintiff–Appellant,**

v.

**PROGRESSIVE CASUALTY INSURANCE COMPANY, Defendant–Appellee.**

No. 05–35690.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 5, 2007 *.

Filed Feb. 16, 2007.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Kenneth D. Peterson, Esq., Peterson and Schofield PLLC, Billings, MT, for Plaintiff–Appellant.

Robert J. Phillips, Esq., Phillips & Bohyer, P.C., Missoula, MT, for Defendant–Appellee.

Before: GRABER, PAEZ, and BEA, Circuit Judges.

## MEMORANDUM **

Robert E. Davis, Jr., appeals the district court's judgment in his action against insurer Progressive Casualty Insurance Company ("Progressive") for failing to provide underinsured motorist benefits ("UIM benefits") and for compensatory and punitive damages for violation of Montana's Unfair Trade Practices Act ("UTPA"), Mont.Code Ann. §§ 33–18–201, *et seq.* Davis challenges a number of pretrial, trial, and post-trial determinations made by the district court. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

■ 1. We review denial of a motion to compel discovery for abuse of discretion. *Hallett v. Morgan,* 296 F.3d 732, 751 (9th Cir.2002). We conclude that the district court properly denied Davis's motion to compel discovery responses. Upon Davis's motion, the district court extended the deadline for filing discovery-related motions by several months. Yet, without explanation, Davis filed his motion more than two weeks past the extended deadline. Under the circumstances, the court's denial of Davis's motion was not an abuse of discretion.

■ 2. We review for abuse of discretion the district court's evidentiary rulings. *See Hangarter v. Provident Life & Accident Ins. Co.,* 373 F.3d 998, 1015 (9th Cir.2004). We have carefully reviewed the trial record and conclude that the district court did not abuse its discretion by admitting the expert testimony of Charles Cashmore. The record supports the district court's determination that Cashmore was qualified to testify as an expert regarding claims-handling procedures in Montana.

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Cir. R. 36–3.

His testimony did not address an ultimate issue of law, as the reasonableness of an insurer's claims handling is generally an issue of fact. *See id.* at 1010.

■ We also conclude that the district court properly excluded the exhibits summarizing Davis's medical expenses. Although Federal Rule of Evidence 1006 permits parties to present summaries of voluminous evidence, it states that "[t]he originals, or duplicates, shall be made available for examination or copying, or both, by other parties at [a] reasonable time and place. The court may order that they be produced in court." Here, there was a good faith dispute whether Davis had produced all of his medical bills to Progressive. In light of this dispute, it was entirely reasonable for the court to require that the documents referenced in the exhibit summaries be produced for Progressive's inspection before the exhibits could be admitted into evidence. Davis did not comply, and exclusion of the exhibits was within the court's discretion.

■ 3. While this court "ordinarily review[s] the district court's refusal to award exemplary damages for an abuse of discretion[,] . . . when the decision to award such damages turns on application of state law, review is de novo." *Yeti by Molly Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1111 (9th Cir.2001) (citation omitted). We therefore review de novo the district court's ruling granting judgment as a matter of law (JMOL) on Davis's claim for punitive damages. *See* Fed.R.Civ.P. 50(a). The district court determined that Davis had not presented evidence sufficient to establish a claim for punitive damages, concluding that there was no evidence of malice. Davis argues that malice could be implied on the basis of the time that passed without a decision by Progressive on his underlying claim. Punitive damages, however, are available under Mon-

tana law only with evidence of "actual malice"—malice cannot be implied. *See Weter v. Archambault*, 313 Mont. 284, 61 P.3d 771, 779 (2002). Because Davis presented no evidence of actual malice, the court properly granted JMOL on the issue of punitive damages.

■ 4. Next, Davis challenges the district court's refusal to give several of his proposed instructions and argues that several of those given were incorrect statements of law. "We review a district court's formulation of jury instructions in a civil case for abuse of discretion. We review de novo whether the instructions misstated the law." *Dang v. Cross*, 422 F.3d 800, 804 (9th Cir.2005) (internal quotation marks and citations omitted). The district court properly refused to give Davis's requested instructions. An instruction on fiduciary duty would have been legal error because Davis did not plead a claim for breach of fiduciary duty, and was precluded from doing so by UTPA. Mont.Code Ann. § 33–18–242(3); *see also Thomas v. Nw. Nat'l Ins. Co.*, 292 Mont. 357, 973 P.2d 804, 809 (1998). Instructions regarding malice would also have been error because, as explained above, JMOL was proper on the claim for punitive damages. We conclude that the court's determinations regarding the remaining instructions and the special verdict form were consistent with Montana law and were therefore proper.

■ 5. A district court's determination regarding whether to grant a new trial is reviewed for abuse of discretion. *See Hangarter*, 373 F.3d at 1005. A jury's verdict, including a damages award, must be upheld if supported by "substantial evidence." *Freitag v. Ayers*, 468 F.3d 528, 537 (9th Cir.2006) (citing *Pavao v. Pagay*, 307 F.3d 915, 918 (9th Cir.2002)), *petition for cert. filed*, —— U.S.L.W. —— (U.S. Feb. 1, 2007) (No. 06–1085). Upon careful review of the record, we conclude that the jury verdict here was supported by substantial

evidence, and therefore the court properly denied Davis's motion for a new trial.

 6. Finally, we review for abuse of discretion the court's denial of attorney's fees. *See Champion Produce, Inc. v. Ruby Robinson Co.*, 342 F.3d 1016, 1020 (9th Cir.2003). Because Davis did not prevail on his claim for UIM benefits and because attorney's fees are not recoverable under UTPA, the district court did not abuse its discretion in denying Davis's request for attorney's fees. *See Sampson v. Nat'l Farmers Union Prop. & Cas. Co.*, 333 Mont. 541, 144 P.3d 797, 802 (2006).

AFFIRMED.

Before: CANBY and THOMAS, Circuit Judges, and CONLON,** District Judge.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.