*122 JUSTICE BAKER,
dissenting.
¶22 I respectfully dissent. As the majority has noted, “weighty considerations underlie the principle that courts should not lightly overrule past decisions.” Allstate, ¶ 39 (citing Moragne v. States Marine Lines Inc., 398 U.S. 375, 403, 90 S. Ct. 1772, 1789 (1970)). ‘\S~\tare decisis is a fundamental doctrine which reflects our concerns for stability, predictability and equal treatment” in the law. Formicove, 207 Mont, at 194, 673 P.2d at 472. This principle applies with great force in interpreting statutes. See Bottomly v. Ford, 117 Mont. 160, 168, 157 P.2d 108, 112 (1945).
¶23 In LeDeau, Morrison, Vallier, and Christofferson, we examined § 46-18-203(2), MCA, and interpreted the statute to allow the District Court the authority to revoke a suspended or deferred sentence before a defendant began serving that sentence. LeDeau, ¶ 21; Morrison, ¶ 16; Vallier, ¶ 9; Christofferson, 272 Mont, at 521, 901 P.2d at 589. This interpretation was made explicit in Sullivan and has remained the Court’s interpretation for nearly 30 years. Sullivan, 197 Mont, at 700, 642 P.2d at 1010. While the majority correctly observes that § 46-18-203, MCA, was amended in 1983, the Legislature has met seven times since we reaffirmed Sullivan in Christofferson and has not seen fit to change the statute to prohibit filing the petition before the period of suspension or deferral begins. See Certain, ¶ 18 (where we concluded that if the Legislature had disagreed with this Court’s interpretation, the Legislature could have revised the statute); see also Kirkbride, ¶ 21; Sampson v. Nat’l Farmers Union Prop. & Cas. Co., 2006 MT 241, ¶ 20, 333 Mont. 541, 144 P.3d 797.
¶24 The principle of stare decisis should not be used to perpetuate error, Payne v. Tennessee, 501 U.S. 808, 827, 111 S. Ct. 2597, 2609 (1991), and the Court’s new interpretation of the statute’s plain language cannot be faulted. However, “judicial construction of a statute becomes part of the legislation from the time of its enactment.” Norman J. Singer and J.D. Shambie Singer, Sutherland Statutes and Statutory Construction, vol. 2B, § 49:5,32-34 (7th ed., Thompson-West 2008). Whether this Court’s initial construction of the statute was correct or not, it has become the law. Mont. Horse Prods. Co. v. Great N. Ry., 91 Mont. 194, 215, 7 P.2d 919,927 (1932). It is the legislature’s prerogative, not the Court’s, to change the statute if the Court’s longstanding interpretation of its language is not what the legislature intended.
JUSTICE RICE joins the dissenting Opinion of JUSTICE BAKER.