DA 10-0562

FILED

August 9 2011

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

IN THE SUPREME COURT OF THE STATE OF MONTANA

2011 MT 189

JAMES HUGHES and RHEA HUGHES,
Husband and Wife,

      Plaintiffs and Appellants,

  v.

DOROTHEA A. AHLGREN and JOHN E.
and CONNIE AHLGREN, Husband and Wife,

      Defendants and Appellees.

APPEAL FROM:    District Court of the Tenth Judicial District,
                In and For the County of Fergus, Cause No. DV 09-9
                Honorable E. Wayne Phillips, Presiding Judge

COUNSEL OF RECORD:

      For Appellants:

           Torger Oaas, Attorney at Law, Lewistown, Montana

      For Appellees:

           John R. Christensen, Ben T. Sather, Christensen, Fulton & Filz, PLLC,
           Billings, Montana

                     Submitted on Briefs:  June 15, 2011
                               Decided:  August 9, 2011

Filed:

              _____
                          Clerk

Justice Brian Morris delivered the Opinion of the Court.

¶1    Appellants James Hughes and Rhea Hughes (collectively Hughes) appeal from an order of the Tenth Judicial District Court, Fergus County, that awarded attorney fees to Appellees Dorothea, John, and Connie Ahlgren (collectively Ahlgren) in a declaratory judgment action involving a dispute over an easement.

¶2    We review the following issue on appeal:

¶3    *Whether the District Court properly awarded Ahlgren's attorney fees in a declaratory judgment action involving a dispute over an easement.*

### FACTUAL AND PROCEDURAL HISTORY

¶4    Ahlgren and Hughes own neighboring ranches in Fergus County, Montana. The two families have lived on their respective properties for more than fifty years. A dispute arose over Hughes's use of a roadway that crosses Ahlgren's properties.

¶5    Dorothea Ahlgren is approximately 81 years old and owns the bulk of Ahlgren's land. Dorothea's son, Dan Ahlgren, returned to the family ranch in 1990 after his father died to help Dorothea operate the ranch. John Ahlgren, another relative, owns a small tract of land adjacent to Dorothea's ranch. The roadway in dispute (hereinafter the disputed roadway) runs through both properties. The disputed roadway connects Highway 87 and a public road (hereinafter the public road).

¶6    Ahlgren's properties border the eastern side of Highway 87. Hughes's property lies adjacent to Ahlgren's properties. The public road provides access directly from Highway 87

to both Hughes's property and Ahlgren's properties. The disputed roadway provides an alternative route for Hughes to access the public road and eventually Hughes's property.

¶7 The parties apparently had been amiable neighbors for years. Hughes had crossed Algren's properties over the disputed roadway without conflict. The relationship appears to have deteriorated, however, when Dan Ahlgren bid on an expiring lease on state trust land held by Hughes. Hughes retained the lease, but Dan's bid significantly increased Hughes's per unit cost for the lease.

¶8 Hughes plowed an old road on his property that Ahlgren had used to access some of her ranch. The parties soon disputed Hughes's use of the roadway across Ahlgren's properties. Ahlgren blocked the disputed roadway to prevent Hughes from crossing her property in approximately 2004. Hughes and his predecessors in interest had used the disputed roadway to access his ranch since the 1930s.

¶9 Hughes filed a lawsuit in 2009 under the Uniform Declaratory Judgment Act (UDJA) in which he alleged that he possessed a prescriptive easement over the disputed roadway. The District Court determined that Ahlgren had given implied consent for Hughes's use of the disputed roadway before 2004. The court concluded that Hughes had failed to establish the elements for a prescriptive easement. The court awarded attorney fees to Ahlgren under the UDJA pursuant to § 27-8-313, MCA. Hughes appeals only the court's award of attorney fees.

STANDARD OF REVIEW

¶10    This Court reviews for correctness a district court's decision as to whether legal authority exists to award attorney fees. *Mungas v. Great Falls Clinic, LLP*, 2009 MT 426, ¶ 42, 354 Mont. 50, 221 P.3d 1230. We review for an abuse of discretion a district court's order granting or denying attorney fees if legal authority exists for the fees. *Renville v. Farmers Ins. Exch.*, 2004 MT 366, ¶ 20, 324 Mont. 509, 105 P.3d 280.

DISCUSSION

¶11    *Whether the District Court properly awarded Ahlgren's attorney fees in a declaratory judgment action involving a dispute over an easement.*

¶12    The District Court reasoned that equity required an award of attorney fees in order to make Ahlgren whole. The court noted the fact that Hughes had forced Ahlgren to defend her property rights and that Ahlgren had prevailed. Hughes contends that nothing in the UDJA allows an award of attorney fees solely on the basis that one party prevails over the other, or that one party had to defend property rights.

¶13    Montana generally follows the American Rule that a party may not recover attorney fees in a civil action absent a specific contractual or statutory provision. *Mungas*, ¶ 43; *Sampson v. Natl. Farmers Union Prop. & Cas. Co.*, 2006 MT 241, ¶ 12, 333 Mont. 541, 144 P.3d 797. A district court may award attorney fees in an action for declaratory relief under § 27-8-313, MCA, if equitable considerations support such an award. *Mungas*, ¶ 45. The award of attorney fees also must qualify as necessary and proper. *Id.* at ¶ 43 (citing *Martin v. SAIF Corp.*, 2007 MT 234, ¶ 22, 339 Mont. 167, 167 P.3d 916). The "tangible parameters" test determines whether an award of attorney fees qualifies as necessary and

4

proper. *Martin*, ¶ 23. The court first must conclude that support for the award rests in equity, however, before the tangible parameters test applies. *United Natl. Ins. Co. v. St. Paul Fire & Ins. Co.*, 2009 MT 269, ¶ 38, 352 Mont. 105, 214 P.3d 1260; *Mungas*, ¶ 45.

¶14 This Court has upheld a district court's grant of attorney fees under § 27-8-313, MCA, only once in *Renville*. A jury awarded Renville damages for injuries that she had suffered as a passenger in a car accident. *Renville*, ¶ 7. Farmers Insurance Exchange (Farmers) withheld payment to Renville on a portion of her award after several appeals to this Court had affirmed the award. *Id.* at ¶¶ 8-18. Renville sought declaratory relief in order to recover her unpaid damages from Farmers. *Id.* at ¶ 10.

¶15 The district court granted declaratory relief to Renville. The court also awarded Renville her attorney fees under § 27-8-313, MCA. The court reasoned that Renville had accrued a significant amount of attorney fees in order to recover a comparatively small award of damages. *Id.* at ¶¶ 18, 22; *United Natl. Ins.*, ¶ 39. We affirmed the district court's discretionary award of attorney fees. *Renville*, ¶ 28. As we noted later in *United National Insurance*, the award of attorney fees prevented an anomalous result: Renville would have been better off had she never brought the claim in the first place without an award of fees to cover the cost of collecting the disputed damages. *United Natl. Ins.*, ¶ 38 (citing *Renville*, ¶ 28).

¶16 Equity generally does not support an award of attorney fees under the UDJA, however, if similarly situated parties genuinely dispute their rights. *United Natl. Ins.*, ¶ 39; *Mungas*, ¶ 46. In *United Natl. Ins.* two insurance companies disputed liability for an

5

accident at a jobsite. *United Natl. Ins.*, ¶ 10. St. Paul Fire and Marine Insurance Company (St. Paul) paid for injuries to an employee after United National Insurance (United National) refused to tender a defense. *Id.* at ¶ 8. St. Paul brought a declaratory judgment action to resolve the meaning of an indemnity clause in a contract between the parties. *Id.* at ¶ 7. St. Paul ultimately prevailed. The court allowed St. Paul to recover the amount that it had paid for the injuries and awarded attorney fees. *Id.* at ¶ 10.

¶17 We reversed the district court's discretionary award of attorney fees under § 27-8-313, MCA. Equity did not support an award of attorney fees. The case involved two similarly situated parties who were relatively sophisticated insurance companies. *Id.* at ¶ 39. The parties had disputed the interpretation of a contract. *Id.* at ¶ 39. We declined to apply the tangible parameters test in light of the absence of the threshold requirement that equitable considerations would support an award of attorney fees. *Id.* at ¶¶ 38-39.

¶18 We likewise concluded in *Mungas* that equity did not support an award of attorney fees under the UDJA to similarly situated parties. *Mungas*, ¶ 46. In *Mungas*, "relatively sophisticated, well-educated, well-informed physicians" disputed the meaning of several partnership agreements that they had entered. The physicians operated on equal footing. *Id.* The equities did not support an award of attorney fees. *Id.* at ¶¶ 46-47. The Court did not apply the tangible parameters test due to the absence of equitable considerations to support the award. *Id.* at ¶ 46.

¶19 Ahlgren and Hughes have operated neighboring ranches for at least fifty years. Ahlgren and Hughes, like the insurance companies in *United National Insurance,* and the

6

doctors in *Mungas*, constitute similarly situated parties. *United Natl. Ins.*, ¶ 39; *Mungas*, ¶ 46. The parties have dealt with each other over the years, more amicably at times, on relatively equal footing. *Mungas*, ¶ 46.

¶20 Nothing in the record indicates that Hughes acted in bad faith in bringing the declaratory judgment action. Hughes had used the disputed roadway without a challenge from Ahlgren for decades before this dispute. The District Court determined that Hughes reasonably believed that he had a legal right to use the disputed roadway. The fact that Ahlgren ultimately prevailed in defending private property rights cannot qualify as a sufficiently compelling reason to justify an award of attorney fees under § 27-8-313, MCA. *Mungas*, ¶ 44; *Martin*, ¶¶ 25, 28. The record lacks equitable considerations that would support an award of attorney fees to Ahlgren. *United Natl. Ins.*, ¶ 39; *Mungas*, ¶ 46.

¶21 The District Court also summarily concluded that an award of attorney fees to Ahlgren qualified as "necessary and proper" under this Court's analysis in *Trustees of Indiana University v. Buxbaum*, 2003 MT 97, 315 Mont. 210, 69 P.3d 663. Ahlgren failed to establish the threshold determination that equitable considerations support the award. As a result, we need not determine whether the award qualified as necessary and proper. *United Natl. Ins.*, ¶ 38.

¶22 We reverse the District Court's award of attorney fees to Ahlgren.


/S/ BRIAN MORRIS


7

We Concur:


/S/ MIKE McGRATH
/S/ MICHAEL E WHEAT
/S/ BETH BAKER
/S/ JAMES C. NELSON

8