DA 16-0379

FILED

01/10/2017

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 16-0379

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2017 MT 5N

---

JOAN ECKLEY RADA, WILLIAM W. PICKETT
and MICHAEL MILLER,

      Plaintiffs and Appellants,

    v.

WILLIAM R. DUBRUL, GARY OGILVIE,
KATHY OGILVIE, THEODORE OGILVIE,
ROBIN DURAND, LYNDA DURAND and
John Does 1-5,

      Defendants and Appellees.

---

APPEAL FROM:    District Court of the Fifth Judicial District,
In and For the County of Jefferson, Cause No. DV 2014-46
Honorable Loren Tucker, Presiding Judge

COUNSEL OF RECORD:

      For Appellants:

          Valerie D. Wilson, Wilson Law Office, PLLC, Helena, Montana

      For Appellees:

          David B. Gallik, Gallik Law Office, PLLC, Helena, Montana

---

          Submitted on Briefs:  November 16, 2016

                 Decided:  January 10, 2017

Filed:

_____
             Clerk

Justice Beth Baker delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Joan Rada, William Pickett, and Michael Miller (collectively Claim Owners) have mining claims on land accessed by the Captain Billy Gulch Road. The road passes through property in which Appellees currently possess, or have previously possessed, an ownership interest.[1] In May 2014, one of the Landowners blocked access to the road. Claim Owners filed a complaint against Landowners seeking to establish their right to use the road.

¶3 Landowners conceded that Claim Owners possessed a prescriptive right to use the road and that Claim Owners' current scope of use was consistent with their historical scope of use. With those admissions, the District Court granted Claim Owners summary judgment on their prescriptive easement claim. The court determined, however, that an issue of fact remained regarding the width of the easement. It directed the parties to negotiate a resolution to the issue. The parties could not agree on the easement's width, and the issue went to trial.

---

[1] Appellees are William Dubrul, Gary Ogilvie, Kathy Ogilvie, Theodore Ogilvie, Robin Durand, and Lynda Durand. We refer to Appellees collectively as Landowners.

2

¶4 The District Court issued findings of fact, conclusions of law, and a judgment in which it concluded that the width of the prescriptive easement "including the surface, the subgrade, and the clearing width necessary to support and maintain [the] surface of the roadway is fourteen feet, together with sufficient width for opposing vehicles to pass at reasonable locations and to allow passage on corners and curves of equipment presently located on [Claim Owners'] claims." The court also denied Rada's request for attorney fees under § 27-8-313, MCA. Claim Owners then filed a M. R. Civ. P. 59 motion to amend, arguing that the easement's width should be sixteen feet and reasserting Rada's request for attorney fees. The District Court denied the motion. The court nevertheless clarified that Claim Owners were "entitled to a road surface 14 feet wide together with lateral and subjacent support sufficient to maintain that road." Claim Owners appeal.

¶5 We review a district court's findings of fact to determine if they are clearly erroneous. *Public Lands Access Ass'n v. Bd. of Cnty. Comm'rs*, 2014 MT 10, ¶ 14, 373 Mont. 277, 321 P.3d 38 (hereafter *Public Lands*). A finding is clearly erroneous if it is not supported by substantial evidence, if the district court misapprehended the effect of the evidence, or if our review of the record convinces us that the district court made a mistake. *Public Lands*, ¶ 14. We review a district court's conclusions of law to determine if they are correct. *Public Lands*, ¶ 14. If legal authority exists to award attorney fees, we review a district court's order granting or denying attorney fees for abuse of discretion. *Mont. Immigrant Justice Alliance v. Bullock*, 2016 MT 104, ¶ 15, 383 Mont. 318, 371 P.3d 430.

¶6    Claim Owners assert several points of error in the District Court's conclusions, including: that the court erred by limiting the width of the easement for the road's surface to fourteen feet; that the court erred by not including within the easement the lateral and subjacent support necessary to support and maintain the road; and that the court erred by not granting Rada attorney fees. We address each contention in turn.

¶7    As the District Court recognized, the width of Claim Owners' easement "is determined by the terms of the grant or the nature of the enjoyment by which it was acquired." Section 70-17-106, MCA; *accord Brown & Brown of MT, Inc. v. Raty*, 2012 MT 264, ¶ 37, 367 Mont. 67, 289 P.3d 156. Thus, "the width of a prescriptive easement must be limited to the width actually used during the prescriptive period." *Raty*, ¶ 37. In defining an easement, "a court should consider what is reasonably necessary and convenient for the purpose for which it was created." *Raty*, ¶ 37 (citation and internal quotes omitted).

¶8    Claim Owners contend that the District Court erred when it held that the width of the prescriptive easement for the road's surface was fourteen feet. They argue that they presented evidence showing that they require a sixteen-foot road surface to accommodate their mining equipment. Claim Owners did present evidence regarding the type of equipment they historically used on their claims, and one of Claim Owners' witnesses testified that sixteen feet would be a reasonable width for the traveled way of the road. Claim Owners' evidence, however, established that their widest piece of equipment was fourteen feet. Other evidence in the record further supports the court's determination that

4

the "width actually used during the prescriptive period" was fourteen feet. *Raty*, ¶ 37. The court's findings of fact demonstrate that it considered this evidence in determining what width was reasonably necessary to accommodate the purpose for which the easement was created. Claim Owners have failed to demonstrate that the District Court's findings regarding the easement's width are unsupported by substantial evidence.

¶9 We thus conclude that the District Court correctly determined that the width of the easement for the road's surface is fourteen feet. On the other hand, Claim Owners presented evidence that they were unable to get certain equipment past Landowners' gates. Landowners—as owners of the servient estate—may not unreasonably interfere with Claim Owners' right to use the fourteen-foot easement, including maintaining gates that encroach upon the easement. *Musselshell Ranch Co. v. Seidel-Joukova*, 2011 MT 217, ¶¶ 19-31, 362 Mont. 1, 261 P.3d 570. To the extent that the gates posted within the fourteen-foot easement prevent Claim Owners from operating the equipment recognized to be within the scope of the easement, the gates must be removed or relocated.

¶10 Claim Owners next contend that the District Court erred by not including within the easement lateral and subjacent support necessary to support and maintain the road. They argue that the width of a prescriptive easement "extends beyond the traveled portion of the road to include areas necessary for its support and maintenance." *Public Lands*, ¶ 25. In its findings of fact, the District Court found that Claim Owners' "easement encompass[es] the surface of the roadway *and* that which is necessary for lateral and subjacent support." (Emphasis added.) In its judgment, however, the court

5

stated that the width of the easement, "*including* the surface, the subgrade, and the clearing width necessary to support and maintain [the] surface of the roadway is fourteen feet." (Emphasis added.) Claim Owners contend that such a conclusion would be inconsistent with the court's findings and incorrect. Yet the court clarified in its order denying Claim Owners' M. R. Civ. P. 59 motion that Claim Owners were "entitled to a road surface 14 feet wide *together with* lateral and subjacent support sufficient to maintain that road." (Emphasis added.) The court thus agreed with Claim Owners that their easement extends beyond the fourteen-foot surface area of the road "to include areas necessary for its support and maintenance." *Public Lands*, ¶ 25.

¶11 Finally, Claim Owners contend that the District Court erred in denying Rada attorney fees. In a declaratory judgment action, attorney fees may be granted under § 27-8-313, MCA, "if such an award is determined to be necessary and proper." *Mungas v. Great Falls Clinic, LLP*, 2009 MT 426, ¶ 43, 354 Mont. 50, 221 P.3d 1230. The District Court recognized that the threshold question in such an inquiry is "whether the equities support a grant of attorney fees." *Mungas*, ¶ 45. The equities generally do not support an award of attorney fees "if similarly situated parties genuinely dispute their rights." *Hughes v. Ahlgren*, 2011 MT 189, ¶ 16, 361 Mont. 319, 258 P.3d 439. The District Court's findings reflect that Landowners and Claim Owners genuinely disputed their rights to the easement and that there was no malice or protracted litigation. *See Ahlgren*, ¶¶ 19-21 (concluding that there was a genuine dispute between similarly situated parties in a declaratory judgment action between neighboring landowners

6

regarding the existence of an easement). Claim Owners have not demonstrated error in these findings. We thus affirm the District Court's conclusion that equitable considerations do not support an award of attorney fees to Rada.

¶12 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents questions controlled by settled law. We affirm the District Court's order. The case is remanded for entry of an amended judgment that addresses Landowners' gates and includes the clarifying language from the court's post-judgment order regarding lateral and subjacent support.


/S/ BETH BAKER


We concur:

/S/ JAMES JEREMIAH SHEA
/S/ LAURIE McKINNON
/S/ MICHAEL E WHEAT
/S/ JIM RICE