FILED

01/18/2022

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 21-0306

DA 21-0306

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2022 MT 16N

YELLOWSTONE COUNTY,

      Plaintiff and Appellant,

  v.

KENNETH HANNEN,

      Defendant and Appellee.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
                  In and For the County of Yellowstone, Cause No. DV 20-20
                  Honorable Donald L. Harris, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

                Mark A. English, Levi Robison, Deputy Yellowstone County Attorneys,
                Billings, Montana

        For Appellee:

                Benjamin O. Rechtfertig, Joseph L. Breitenbach, Hedger Friend, PLLC,
                Billings, Montana

                          Submitted on Briefs:  December 8, 2021

                                   Decided:  January 18, 2022

Filed:

                               _____
                                          Clerk

Justice Beth Baker delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Yellowstone County (County) appeals the Thirteenth Judicial District Court's denial of its motion for summary judgment, its judgment on partial findings in favor of Kenneth Hannen, and the court's judgment awarding attorney fees and costs to Hannen. We affirm.

¶3 The County filed a complaint for declaratory judgment to establish a thirty-foot public road easement for Piccolo Lane on Hannen's property. The eastern edge of Hannen's property abuts the center line of Piccolo Lane, a paved county road that is approximately thirty feet wide. The County claims that its easement for the road extends thirty feet into Hannen's property. No grant or conveyance language exists in any deed, plat, or other conveyance document creating a public road easement over the disputed strip of Hannen's property, but the County argues that an unlabeled dotted line on three certificates of survey establishes an easement by reference. The three certificates of survey, filed in 1952, 1974, and 1996, depict without further description a dashed line extending thirty feet from the centerline of Piccolo Lane into Hannen's property.

2



¶4 Hannen disputes that a 30-foot easement runs from the center line of Piccolo Lane into his property. He maintains that he became the owner of the land through a deed that referenced a survey, and the survey did not indicate an easement for Piccolo Lane. If such an easement existed, it would run through his garage and house, both of which were built prior to the construction of Piccolo Lane. The County argues that the dashed line on the survey adequately described the alleged easement and that Hannen's two structures are "encroachments" on its easement that it has the right to remove, though it disclaims any intent to remove them.

¶5 After finding a genuine issue of material fact regarding "the nature and validity of the alleged easement," the District Court denied the parties' motions for summary judgment and held a bench trial. At the conclusion of the County's case-in-chief, Hannen moved for judgment on partial findings under Rule 52(c), M. R. Civ. P. The court granted the motion, concluding that a public easement could not be created by reference and that, even if it could, the survey did not adequately describe the alleged easement. The

3

District Court followed with an order awarding Hannen $42,672 in attorney fees under § 27-8-313, MCA, and $1,111.29 in costs pursuant to § 27-8-311, MCA.

Summary Judgment

¶6 We review the denial of a motion for summary judgment de novo for conformance with Rule 56, M. R. Civ. P. *Babcock v. Casey's Mgmt., LLC*, 2021 MT 215, ¶ 5, __ Mont. __, 494 P.3d 322. Summary judgment is inappropriate where a genuine issue of material fact exists. *Patch v. Hillerich & Bradsby Co.*, 2011 MT 175, ¶ 11, 361 Mont. 241, 257 P.3d 383. A genuine issue of material fact exists when there are "inconsistent fact[s]" that are "material to the elements of a claim or defense at issue"; the movant bears the burden of establishing that no genuine issues of material fact exist. *Babcock*, ¶ 5; *Patch*, ¶ 11.

¶7 The County argues that the District Court erred in denying its motion for summary judgment because the only question at issue—whether an easement existed—was a legal dispute, not a genuine issue of material fact. The County contends that it was entitled to judgment as a matter of law because the undisputed facts established a public easement for Piccolo Lane on Hannen's land.

¶8 An easement by reference is created, in part, when a deed or other conveyance instrument "explicitly refer[s] to a recorded plat or certificate of survey on which the subject easement was adequately described." *Our Lady of the Rockies v. Peterson*, 2008 MT 110, ¶ 54, 342 Mont. 393, 181 P.3d 631. "[T]he intent to create an easement [by reference] must be clearly and unmistakably communicated on the referenced plat or

4

certificate of survey using labeling or other express language." *Our Lady of the Rockies*, ¶ 57.

¶9 Whether the certificate of survey adequately described the alleged easement was material to the County's claim of easement by reference. Because "Hannen and the County present[ed] contradictory factual accounts concerning the nature and validity of the alleged easement," the District Court did not err in finding that the existence of the easement was a disputed material fact. Contrary to the County's argument, whether the alleged easement existed hinged on whether the easement was adequately described in the conveyance documents—a determination the County did not prove by undisputed fact. Therefore, we affirm the District Court's denial of the County's motion for summary judgment.

Judgment on Partial Findings

¶10 The County argues that the District Court erred in granting Hannen's motion for judgment on partial findings. It asserts that the court erroneously found that the survey did not indicate an easement and that Hannen or his father, through whom Hannen acquired the property, did not intend to grant an easement. Further, the County contends that the District Court's conclusion that a public road easement cannot be created under the easement by reference doctrine was in error.

¶11 When a District Court grants a motion for judgment on partial findings, we will not set aside its findings of fact without a showing of clear error. *McCann v. McCann*, 2018 MT 207, ¶ 13, 392 Mont. 385, 425 P.3d 682. "A finding of fact is clearly erroneous if it is not supported by substantial evidence, if the court misapprehended the effect of the

5

evidence, or if, upon reviewing the record, this Court is left with the definite and firm conviction that the district court made a mistake." *McCann*, ¶ 13 (citation and quotations omitted). We review conclusions of law de novo. *McCann*, ¶ 13.

¶12 As noted above, we recognize an easement by reference "where the deed explicitly refer[s] to a recorded plat or certificate of survey on which the subject easement was adequately described." *Our Lady of the Rockies*, ¶ 54. An easement is adequately described if it is "clearly and unmistakably communicated on the referenced plat or certificate of survey using labeling or other express language." *Our Lady of the Rockies*, ¶ 57. An easement by reference may be "established only when the dominant and servient estates are split from single ownership." *Our Lady of the Rockies*, ¶ 54.

¶13 In *Our Lady of the Rockies*, we declined to apply the doctrine of easement by reference to create a public road. *Our Lady of the Rockies*, ¶ 61. Because the Court had previously applied the doctrine of easement by reference only to the creation of privately held easements, we explained that it would be "inappropriate for this Court, by judicial fiat[,]" to use the doctrine to create a public road easement under the facts presented. *Our Lady of the Rockies*, ¶ 61. We held further that the alleged easement was not "clearly and unmistakably communicated" because the mineral survey did not contain a label or express language that "communicate[d] an intent" to create an easement. *Our Lady of the Rockies*, ¶ 62.

¶14 The District Court, citing *Our Lady of the Rockies*, held that "the Easement by Reference Doctrine does not apply to public roads," and, even if it did, such an easement

6

"must be clearly and unmistakably communicated on the reference plat or certificate of survey[.]" The court found that the alleged easement was not "clearly and unmistakably communicated" because no language in any certificate of survey or deed existed that indicated "any intent to create an easement by the owner of the land." The District Court found further that the unmarked dashed line on the certificates of survey was unclear and did not adequately describe the alleged easement. The court explained that the County had failed to prove that the unmarked line was "sufficient to create and convey a 30-foot public road easement," and that it had failed to show that the alleged easement was "created in connection with a division of land."

¶15 We find no error in the District Court's judgment on partial findings. The court's judgment is supported by substantial factual findings that are not clearly erroneous, and its conclusions of law conform with our case law. Given this conclusion, we find it unnecessary to consider further whether a public road easement may be created by reference.

Attorney Fees and Costs

¶16 We review attorney fees awarded pursuant to a statute for an abuse of discretion. *McCann*, ¶ 14. "A district court abuses its discretion when it acts arbitrarily, without employment of conscientious judgment, or in excess of the bounds of reason, resulting in substantial injustice." *McCann*, ¶ 14.

¶17 The District Court awarded Hannen attorney fees and costs pursuant to §§ 27-8-311 and -313, MCA, because the County sued Hannen under the Uniform Declaratory

7

Judgment Act (UDJA), §§ 27-8-101 et seq., MCA. The County contends that the statute does not support such an award. We have recognized that a court may award attorney fees and costs under § 27-8-313, MCA, when a party asserts the UDJA as a remedy, provided that "equitable considerations support such an award" and the relief is "necessary or proper." *Hughes v. Ahlgren*, 2011 MT 189, ¶ 13, 361 Mont. 319, 258 P.3d 439 (citation omitted). The District Court's factual findings sustain its determination that "equitable considerations" supported the award and that attorney fees and costs were "necessary or proper." The District Court did not abuse its discretion in awarding Hannen attorney fees and costs under §§ 27-8-311 and -313, MCA. We decline to award fees on appeal.

¶18    We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review. The judgment is affirmed.


/S/ BETH BAKER


We Concur:

/S/ MIKE McGRATH
/S/ INGRID GUSTAFSON
/S/ LAURIE McKINNON
/S/ JIM RICE


8